UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TERRY BOUTTE, JR.** | § | **CIVIL ACTION NO.** |
| | § | **4:22-CV-00948** |
| | § | |
| **VS.** | § | |
| | § | |
| | § | |
| **JACKSON OFFSHORE** | § | |
| **OPERATORS, LLC, &** | § | **DISTRICT JUDGE** |
| **CHEVRON U.S.A. INC.** | § | **GEORGE C. HANKS** |

**REPLY IN SUPPORT OF MOTION FOR LEAVE
TO SERVE ADDITIONAL SUBPOENAS**

Defendants, Jackson Offshore Operators, LLC ("JOO") and Chevron U.S.A. Inc. ("Chevron") respectfully submit this Reply in Support of their Motion for Leave to Serve Additional Subpoenas as follows:

**I.    Plaintiff's unjustified personal attacks against defense counsel are a mere distraction from the fact that Dr. Patrick Hayes, Elite Medical Wellness and related companies are paid litigation support specialists and not impartial medical providers.**

In a twelve-page opposition to Defendants' Motion for Leave to Serve Additional Subpoenas, R. Doc. 204, Plaintiff provides no substantive argument in response to the motion. Plaintiff simply engages in character assassination of defense counsel. While the Federal Rules of Evidence render such character attacks inadmissible as a matter of law (see e.g., FRE 404(b)), and therefore improper, the absence of any substantive argument is more telling.

From the outset, JOO and Chevron have maintained that Dr. Patrick Hayes and the other healthcare providers at Elite Medical Wellness ("Elite") are not merely non-retained treating physicians, but rather, they are well-compensated, highly biased professional witnesses who must comply with all requirements of FRCP 26 before they are allowed to testify before a jury. See R.

Doc., 96, pp. 11-14. The subpoena that Defendants served on Elite on November 27, 2023, as well as the subpoenas that are the subject of the current motion, are all designed to uncover evidence of that bias and to demonstrate that these witnesses are not non-retained experts.

II.     **Elite and Plaintiff are solely responsible for any delay in this matter through Plaintiff's failure to respond to Defendants' May 3, 2023 written discovery and Elite's failure to respond to the November 27, 2023 subpoena in good faith**

Plaintiff complains that the motion practice surrounding Elite's failure to properly respond to the November 27, 2023 subpoena is delaying the trial of this matter. However, the true issue here is that during the course of the last seventeen months Elite has simply refused to comply with the original subpoena. As a result of Elite and Plaintiff's intentional withholding of documents and information responsive to both the May 3, 2023 written discovery and the November 27, 2023 subpoena, Defendants had no reasonable way to discover the intricate scheme of litigation support professionals weaved by Plaintiff's counsel until after the discovery deadline in this matter had expired. Not being clairvoyant, Defendants could not know that other entities, including Access Healthcare and Smart Reviews, LLC were involved in facilitating the referral and financial relationship between Plaintiff's counsel and Dr. Patrick Hayes until they received related documents from other sources.

For example, as detailed in the pleadings filed in the United States District Court for the Western District of Louisiana (*see e.g.* Rec. Doc. 39 in the WDLA docket), Elite has failed to provide a complete copy of the Lien and Receivables Purchase and Assignment Agreement between Elite and Access Healthcare, which was attached to a deposition of Dr. Hayes' in a different proceeding. Even more egregiously, Elite has not provided *any invoices* issued in this matter. Rather, Elite has produced an alleged "billing ledger" that is actively misleading because it suggests that Elite was paid 100% of the billed amounts for medical treatment provided to Mr.

2

Boutte by "patient check" when in reality Elite received only fifty cents on the dollar from Access Healthcare and nothing from the patient. This information is vital to Defendants' defense that no further cure obligation is due to Plaintiff and that the amount of cure claimed by Plaintiff is inaccurate at best. Elite has provided no documents or other explanation for why it intentionally issued such a false, misleading ledger in response to the subpoena.

Further, Elite has produced no documents reflecting payments it received from Access Healthcare or any of its communications with Access Healthcare. Although Elite finally produced the Patient Demographic Form for Mr. Boutte fifteen months after the subpoena was served, it *still* has not provided any documents received from Smart Review, LLC or Access Healthcare, both of which are identified in the Patient Demographic Form. (See e.g., R. Doc. Nos. 36 and 39 in the WDLA action to enforce the subpoena).[1] In short, while Elite has repeatedly claimed it did not have any documents that were responsive to the subpoena, Defendants have repeatedly demonstrated those representations were false. It is because Elite has lied about the documents in its possession on so many occasions that Defendants see no option but to seek leave to issue a subpoena to Access Healthcare and/or Smart Review, LLC in an effort to obtain the documents necessary to establish that Dr. Patrick Hayes and Elite are not unbiased treating medical providers as Plaintiff would have the jury believe.

### III. Defendants are entitled to the additional discovery requested

It is well established that upon a finding of civil contempt for failure to comply with a subpoena under Rule 45, a Court has broad discretion to impose judicial sanctions that would

---

[1] There was no way for Defendants to know of the involvement of Smart Review, LLC or Access Healthcare until Elite Medical Wellness finally produced the Patient Demographic Form in September of 2024, well after the discovery cutoff. There is no question that the Patient Demographic Form was responsive to the Defendants' initial discovery requests, the initial request for records through the use of the HIPPA release, and the subpoena at issue herein. Elite Medical Wellness is responsible for its failure to produce the Patient Demographic Form in a timely fashion.

coerce compliance with its orders and compensate the moving party for any losses sustained. *See Andra Group, LP v. JDA Software Group, Inc.*, 2015 WL 12731762 (N.D.Tex. Dec. 9, 2015) at *11. Here, Elite's calculated, continued refusal to comply with the November 27, 2023 subpoena has caused significant delay in the resolution of this matter and deprived Defendants of access to vital evidence of Elite's relationship with Plaintiff's counsel necessary to impeach Dr. Hayes and other Elite medical providers at trial. Elite's failure to comply with the subpoena has further deprived Defendants of documents evidencing the relationship between Access Healthcare, Smart Reviews, LLC, Elite and Plaintiff's counsel which all appear to be part of a network of entities involved in the referral, management and payment of medical invoices for clients of Arnold & Itkin, such as Plaintiff in this case. Accordingly, in order to ensure that Defendants are not unfairly deprived of the documents necessary to establish Elite's bias and lack of credibility at trial of the underlying matter, Defendants' Motion for Leave to Serve Additional Subpoenas should be granted.

**IV.     The personal attacks on defense counsel are improper, inaccurate, and irrelevant**

Finally, with respect the character attack on defense counsel, Defendants note that this is not the first time Plaintiff and Elite have engaged in such tactics. In an attempt to poison the well, Elite attached the entire underlying record of the sanctions hearing in the Asgard matter to its April 16, 2024 supplemental production to the November 27, 2023 subpoena, in spite of the clear lack of responsiveness of these documents.[2] Elite also attached a copy of Judge Collier's disqualification order to its supplemental subpoena response. Plaintiff's counsel also filed a motion against defense counsel in the *Asgard* litigation falsely accusing defense counsel of violating that

---

[2] *See* detailed discussion of Elite's production of sanction documentation in Rec. Doc. 36 in the WDLA docket at pgs.5-7.

4

court's disqualification order by referring to the *Asgard* litigation in the current proceedings.[3] Because the sanctions order is wholly irrelevant to the current motion practice, Defendants view it as Plaintiff's best effort to distract the Court from the merits. Rather than attempt to address the substance of an entirely irrelevant, collateral issue, Defendants merely note that the sanctions order is currently before the court of appeals, and Defendants provide a copy of the Writ of Mandamus filed on behalf of Mr. Crawford and the Lugenbuhl law firm for this Court's review.[4]

Given the complete absence of any substantive argument in opposition to Defendants' Motion for Leave to serve additional subpoenas, the motion should be granted.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD

By: */s/ Todd G. Crawford*
    Todd G. Crawford
    Texas Bar No. 05041050
    tcrawford@lawla.com
    801 Travis Street, Suite 1800
    Houston, Texas 77002
    Telephone: (713) 222-1990
    Facsimile: (713) 222-1996
    **ATTORNEYS FOR JACKSON OFFSHORE OPERATORS, LLC & CHEVRON U.S.A. INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this 17th day of April, 2025.

    */s/ Todd G. Crawford*

---

[3] *See* Arnold & Itkin's Supplemental Brief in Support of Plaintiff's Motion for Sanctions Against Transocean and Todd Crawford and Defendants' response to said Motion attached hereto as Exhibits A and B respectively.
[4] *See* attached Writ of Mandamus attached hereto as Exhibit C.